UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MELSON JESSE BACOS,

        Plaintiff,

v.                                                     Case No. 23-cv-1037-bhl

CHRIS STEVENS, et al.,

        Defendants.

---

## SCREENING ORDER

---

      Plaintiff Melson Jesse Bacos, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Bacos paid the filing fee in full on August 29, 2023. This matter comes before the Court for screening of the complaint.

### SCREENING OF THE COMPLAINT

      The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be

at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Bacos is an inmate at the Green Bay Correctional Institution. Dkt. No. 1 at 2. Defendants are Warden Chris Stevens, Deputy Warden Michelle Haese, Security Director John Kind, Inmate Complaint Examiner (ICE) DeGroot, Sgt. Tonia Rozmarynowski, and Sgt. Segerstrom. *Id*. at 2-3.

According to the complaint, Segerstrom "verbally abused, harassed, and retaliated" against Bacos on three separate occasions. *Id*. at 2. Bacos filed inmate complaints in connection with each incident. *Id*. First, on May 30, 2023, Bacos filed inmate complaint GBCI-2023-8428, alleging that Segerstrom engaged in "verbal abuse and threats." *Id*. ICE DeGroot and Warden

Stevens dismissed that inmate complaint. *Id*. Second, on June 2, 2023, Bacos filed inmate complaint GBCI-2023-8661, alleging that Segerstrom forced Bacos to work with Segerstrom alone, even though Bacos had filed a Prison Rape Elimination Act (PREA) complaint and other inmate complaints against Segerstrom. *Id*. Bacos further alleges that Segerstrom then "retaliated" against him by writing a conduct report against him and on which Rozmarynowski (who reviewed the conduct report) found him guilty. *Id*. ICE DeGroot and Warden Stevens dismissed this inmate complaint. *Id*. Third, on June 16, 2023, Bacos filed inmate complaint GBCI-2023-9152, again alleging that Segerstrom forced him to work with Segerstrom alone, despite his prior complaints against Segerstrom. *Id*. at 3. ICE DeGroot rejected this inmate complaint too and Warden Stevens affirmed the rejection on appeal. *Id*.

On the same day as his third complaint concerning Segerstrom, June 16, 2023, Bacos filed another inmate complaint, GBCI-2023-9444 against Rozmarynowski. Bacos complained that Rozmarynowski did not take his complaint about Segerstrom seriously and instead gave him an ultimatum that he should either work with Segerstrom or not work. *Id*. Bacos chose not to work. *Id*. ICE DeGroot rejected this inmate complaint and Warden Stevens affirmed the appeal of the rejection. *Id*.

Based on all of these complaints, Bacos seeks monetary damages, apologies from the defendants, their dismissal from their current duties and positions, and a reduction in work rank for Segerstrom and Rozmarynowski. *Id*. at 4.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

3

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Liability under §1983 is limited to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

Bacos asks to proceed on a claim based on Defendants' alleged failure to "follow protocols and standard procedures," as outlined in DOC and DAI policy, in connection with his PREA and inmate complaints. Dkt. No. 1 at 3. He alleges that Defendants never interviewed him in connection with his PREA and inmate complaints and that they "immediately" decided there was no wrongdoing. *Id*. He further complains about "corruption" at the institution and complains that defendants failed to keep him safe from Segerstrom. *Id*.

As currently drafted, Bacos' complaint fails to state a claim on which relief can be granted as to any of the named defendants. Bacos names Haese and Kind as defendants but alleges no facts whatsoever about their involvement in any of the issues he describes. Because §1983 only provides for liability by those personally involved in a constitutional violation, Bacos' claims against Haese and Kind fail. *Burks*, 555 F.3d at 593-94.

Bacos also fails to state a claim against Stevens, DeGroot, and Rozmarynowski. While he describes actions by them in his complaint, his complaint is that they ruled on his inmate complaints and conduct report without following proper procedures and conducting proper

4

interviews. This is not a basis for a constitutional violation. The Seventh Circuit has long ago confirmed that inmates do not have a constitutional right to an institution's grievance procedures. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996); *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). That includes any procedures outlined in the PREA. *See Watson v. Dodd*, No. 16-CV-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan. 12, 2017) ("Further, PREA does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements."); *see also J.K.J. v. Polk Cty.*, No. 15-cv-428-WMC, 2017 WL 28093, at *12 (W.D. Wis. Jan. 3, 2017) ("[T]here is no private right of action under the PREA."). Bacos' attempt to sue these defendants also fails because individuals sued in their capacity as complaint examiners and hearing examiners cannot be held liable under §1983 for simply performing their jobs and ruling against an inmate on a complaint or conduct report. *Burks*, 555 F.3d at 595.

Bacos comes closest to asserting a valid claim against Segerstrom, but even here his allegations come up short. Bacos alleges that Segerstrom "verbally abused, harassed, and retaliated" against him, but these conclusory assertions are not enough to state a claim.

With more detail, Bacos' allegations might plausibly implicate the Eighth Amendment. To state an Eighth Amendment claim, Bacos must allege that Segerstrom's "verbal abuse" caused psychological or physical pain sufficient to constitute cruel and unusual punishment. *Beal v. Foster*, 803 F.3d 356, 357 (7th Cir. 2015). But Bacos does not explain what Segerstrom allegedly said or did that constituted "verbal abuse" or "harassment." Nor does the complaint suggest where and when the abuse and harassment occurred or other circumstances that would allow the Court to infer that the Eighth Amendment may have been violated. Bacos also fails to allege that Segerstrom's conduct caused him sufficient psychological or physical pain to rise to the level of cruel and unusual punishment.

Bacos uses the word "retaliation" but the facts he includes are insufficient to support a First Amendment claim for retaliation. To state such a claim, Bacos must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Bacos suggests that Segerstrom retaliated against him after he filed PREA/inmate complaints against Segerstrom. But Bacos is not clear on the nature of those complaints and what retaliatory action he thinks Segerstrom took against him. The complaint also fails to allege that Bacos ever told Segerstrom about his PREA/inmate complaints or even that Segerstrom gave him the conduct report *after* finding out about his prior complaints. Without these basic facts, the Court cannot infer that Bacos suffered from constitutionally prohibited retaliation as defined in *Perez*.

The Court will therefore dismiss the original complaint at screening *without prejudice*. The dismissal is not final, however. As a general matter, the Court generally allows *pro se* plaintiffs at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Accordingly, the Court will give Bacos an opportunity to file an amended complaint to cure the deficiencies described above. Specifically, the amended complaint should provide a <u>factual</u> basis for his claims against Segerstrom. To the extent Bacos wishes to proceed against other individuals based on their failure to protect him from Segerstrom or their failure to intervene, Bacos must explain whether those individuals had knowledge that Segerstrom posed a threat to him *before or during* the alleged verbal abuse/harassment. As noted in the section above, the constitution does not require prison officials to investigate or otherwise

correct wrongdoing after it has already happened. *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012).

The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court also will include a blank prisoner amended complaint form. The Court will require Bacos to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If Bacos believes he needs more space than is available in the blank prisoner amended complaint form, he may attach a *maximum* of five typed, double-spaced pages. The amended complaint should be no more than <u>ten</u> pages total.

Bacos is advised that the amended complaint must bear the docket number assigned to this case. The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If Bacos files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Bacos does not file an amended complaint, the Court will likely dismiss this case.

## Conclusion

**IT IS THEREFORE ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim. Bacos may file an amended complaint that complies with the instructions in this order by **November 24, 2023**. If Bacos files an amended complaint by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If Bacos does not file an amended complaint by the deadline, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Bacos a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Bacos is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on October 25, 2023.

s/ <i>Brett H. Ludwig</i><br>
BRETT H. LUDWIG<br>
United States District Judge